Ingraham, P. J.
The prisoner is brought before me on habeas corpus, and his discharge asked for from the debtor’s prison or the custody of the marshal by whom he was arrested. An order of arrest was granted by a justice of the marine court, and directed to a marshal, who took the prisoner into custody.
Prior to 1865, the law of 1857 provided that the warrant of arrest, which was then one mode for commencing actions, should be served only by the sheriff.
The law of 1865 gave the marshals of the city power to serve summons and other process, issued from the marine court.
By the law of 1872, section 8, it is provided that all process, except the summons, shall be directed to and executed by the officers as now prescribed by law.
I think there can be no doubt that the intent of the provision was, that all process should be served by the same officer who had authority to serve such process before the passage of that law. If this process had remained a warrant of arrest as it was before the passage of the act of 1872, there could be no doubt as to the power and authority of the marshal to execute such process.
By the act of 1872, section 6, the warrant of arrest as then allowed to issue was abolished, and a substitute adopted, in the form of an order of arrest, to be granted by a justice of the court. This was to be ap *295 plied for in the action, to be for like causes and in like manner as now required by the Code of Procedure.
There is nothing in this section that alters or affects the provisions of section 8, as to the officers who shall serve it. That duty is prescribed by section 8, and if the order of arrest is to be considered process (and both the learned justices of that court whose opinions have been submitted to me, agree that it is process), then I think there can be no doubt but that the same officers who could serve the warrant of arrest before the act of 1872, could serve the order of arrest under that act. This order of arrest is provided to be in the stead of a warrant of arrest, the mode by which it is to be obtained is prescribed in section 8, but no direction is given as to its service, and that direction is included in the general provision in section 8, as to the mode of execution of this as well as all process.
My conclusion on this question is, that the process was properly served, and that the prisoner should be remanded and the writ of habeas corpus dismissed.